## W. B. Downing v. The State.

No. 11364.   Delivered February 15, 1928.

1.—Transporting Intoxicating Liquor — Bill of Exception — Incomplete — Shows No Error.

Appellant complains by bill of exception that the State's Attorney repeatedly asked witnesses leading questions, but none of the questions are set out in the bill, nor does it show when, nor to whom such questions were asked. Leading questions are permissible under some circumstances. Such bill presents no error.

2.—Same—Continued.

A bill of exception complaining of the introduction of evidence which does not of itself show that the objections presented were sustained by the facts, is insufficient to show error.

3.—Same—Continued.

And so a bill which complains of the acts and conduct of peace officers which fails to show that the ·objections presented were supported by the facts, is not sufficient to present error. This court is not authorized to relieve against purely hypothetical and unsupported objections.

4.—Same—Continued.

A bill of exception complaining of the refusal of a new trial, which sets out the motion for a new trial in its entirety is not in compliance with our rules of procedure. We have often said that a bill of exceptions complaining of all of the supposed errors committed during the entire trial cannot be considered.

Appeal from the District Court of Young County. Tried below before the Hon. E. G. Thornton, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson*, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

We find in the record a bill of exceptions complaining of the fact that the State's Attorney repeatedly asked leading questions. None of the questions are set out in the bill, nor does it show when or to whom such questions were asked. Leading questions are permissible under some circumstances. Such a bill shows no error.

Another bill complains of the introduction in evidence of a bottle of liquor, the objection being that there was no evidence connecting the accused with said bottle, and that there was no label on the bottle showing where or from whom same was taken, and because there was no search warrant, etc., etc. There is not the slightest semblance of a showing in said bill of the fact that any of these objections were sustained by the facts. It is needless to say that such a bill is insufficient.

Another bill complains of the refusal of a motion to strike from the record the evidence of two witnesses, it being stated as ground of the motion that said witnesses were city officers and that they went outside the city limits for the purpose of meeting the accused, and that they were not legally authorized so to do, and that they followed the accused from where they located him outside the city limits, and that they tried to stop him out there and attempt his arrest without a warrant, and that they had no search warrant, and that they shot into his car without reason to believe that he was violating the law. Some of these objections would be good if we had anything before us showing that they were well founded, but the bill is entirely barren of any such showing. We are not authorized to relieve one against purely hypothetical and unsupported objections.

The remaining bill of exceptions complains of the refusal of the court to set aside the verdict and grant a new trial for reasons set out in the copy of the motion which is attached to the bill. We have often said that a bill of exceptions complaining of all of the supposed errors committed during the entire trial cannot be considered.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*